*J. J. Cornelison, for appellant.*

*O. S. Tenny, for appellee.*

---

JOHN CRABTREE *v.* R. T. BURNS, RECEIVER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—312.]

**Mortgage in Contemplation of Insolvency.**

The mere fact that a creditor believes and the debtor knows that he is in a perplexed financial condition is not sufficient to convert an innocent effort to secure such creditor into an assignment of all his property for the payment of his creditors generally, and a mortgage to secure such creditor is valid, especially when the debtor, at the time, has property sufficient, if judiciously managed and not sacrificed by his creditors, to pay all his debts.

## APPEAL FROM LAWRENCE CIRCUIT COURT.

### March 15, 1881.

OPINION BY JUDGE HARGIS:

When appellees, Burns and Smith, had their executions, which amount to about $450, placed in the hands of the sheriff, the appel-

lant, Crabtree, surrendered 40 acres of land appraised at $12 per acre to pay them. But they permitted the whole of the 40 acres to be sold at $6 per acre, and the equity of redemption for $5, and as to the remainder of their executions they were returned "no property found."

It appears from this act of Crabtree that he had given them as much, if not greater preference than Lackey, to whom he executed the mortgage more than a month after he surrendered the 40 acres of land to pay the debts of Burns and Smith, the equity of redemption of which was purchased by the former at the price of $5 per acre.

After having permitted the land surrendered to pay their debts to be sacrificed, they instituted an action on a return of nulla bona against Crabtree as to the remainder of their executions, alleging that he had mortgaged his land to appellee, Lackey, in contemplation of insolvency, and with a design to prefer him to other creditors. These allegations were denied by Crabtree and Lackey. The evidence shows that the mortgage was neither made in contemplation of insolvency nor with the design to prefer Lackey to any other creditor.

At the time the mortgage was executed the appellant owned a tract of land worth from $3,000 to $4,000, and was indebted about $2,500, which included the demands of all the appellees. Lackey testified that he believed Crabtree "was in failing circumstances, and he wanted to secure his debt," as any prudent man has a right to do if he does not violate the law in so doing. Instead of appellant attempting to prefer appellee, Lackey, to the other appellees, he treated them all alike, and appears to have made a bona fide effort to pay each in full. He evidently did not contemplate a preference to the exclusion of appellees, Burns and Smith, because if there be a preference intended by Crabtree he selected them to receive the first fruits, as is shown by his act of surrendering enough land to pay both of their claims more than a month before the execution of the mortgage. The mere fact that Lackey believed and Crabtree knew he was in a perplexed financial condition, is not sufficient to convert an otherwise unquestionably innocent and dutiful effort to secure his creditors into an assignment of all his property for the payment of his creditors generally, especially in view of the fact that the debtor possesses enough property, if judiciously managed and not sacrificed by his creditors, to pay his debts in full.

8

Crabtree should be allowed to redeem the forty acres, or it should be first sold and the proceeds applied to the payment of Burns and Smith in the order in which they are named. The equitable title was in Crabtree, and the inchoate right thereto was in Burns when he instituted suit, which he did within less than one year after the sale of the forty acres of land under the execution.

Wherefore the judgment is *reversed*, with directions to dismiss the alleged cause of action under the Act of 1856, set forth in the appellees', Burns' and Smith's, petition, and for further proceedings not inconsistent with this opinion.

*George N. Brown, John M. Rice, Alexander Lackey, for appellant.*

*E. P. Moore, for appellees.*

